Jane Clay ZEVELY, Appellant,

v.

CITY OF PARIS, a Municipal Corporation, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Rehearing Denied Feb. 22, 1957.

Stoll, Keenon & Park, Lexington, for appellant.

Bradley & Blanton, William T. Baldwin, Paris, for appellees.

WADDILL, Commissioner.

In 1913 a contract was entered into between Janie Rhodes Clay and the city of Paris, as trustee for the W. W. Massie Memorial Hospital, whereby Mrs. Clay donated the income from a $5,000 trust to be used to establish and maintain a room in the hospital in memory of her son Green Clay, Jr. The contract contained the following conditions:

"1st. Said room shall be a free room for the use of deserving young men, as far as practicable. 2nd. The Commissioners of the Hospital shall have the control of said room and the selection of the beneficiaries, and the said Commissioners shall have the right to use said room for pay patients when not in use as a free room, as far as practicable. The said room shall be used as a free room and only used for pay patients when not needed as a free room. 3rd. Said room shall bear the following inscription over the door, 'In Memoriam Green Clay, Jr.'

"4th. *In case the W. W. Massie Hospital should permanently cease to be used as a hospital, the Five Thousand*

*($5,000) Dollars is to be returned to Mrs. Janie Rhodes Clay or her heirs."* (Emphasis ours.)

Accordingly, the W. W. Massie Memorial Hospital received the endowment established by the contract.

In 1947, due to the inadequate and outmoded facilities of the W. W. Massie Memorial Hospital, a new modern county hospital was constructed in Bourbon County. In prior proceedings the circuit court ordered the sale of the Massie Hospital building and directed that the proceeds be applied to the construction of a nurses' home at the site of the new hospital. A wing of the new hospital was designated "The W. W. Massie Memorial Hospital" and a room therein as the "Green Clay, Jr., Memorial Room."

Appellant, as the only daughter and heir of Janie Rhodes Clay, brought this suit to recover the trust corpus on the ground that there was a reverter when the former building ceased to be used as a hospital. The circuit court denied relief and applied the cy pres doctrine. Cy pres is used by the courts to uphold a charitable trust where there is a general charitable intent manifested and it has become illegal, impractical or impossible to carry out the particular purpose of the trust. Restatement of Trusts, Section 399.

Mrs. Clay's purpose in creating this trust was to provide a free hospital room for needy young men in memory of her son Green Clay, Jr. This purpose is being carried out by the new county hospital. There is nothing in the contract which discloses any intent on the part of Mrs. Clay for any particular building to be designated as the W. W. Massie Memorial Hospital. Her paramount purpose was not to benefit the hospital, but to benefit needy young men and provide a memorial for her son. Obviously, since the purpose of the trust is being carried out, cy pres need not be invoked. There has simply been no breach of trust in this case. There is a W. W. Massie

Memorial Hospital in existence and there is a free room for needy young men in that hospital inscribed "Green Clay, Jr., Memorial Room." This fulfills the purpose of the trust and there is no reverter.

Judgment affirmed.

MONTGOMERY and HOGG, JJ., dissenting.

· MONTGOMERY, Judge (dissenting).

I disagree with the reasoning and result of the majority opinion.

The majority opinion holds, in effect, that a part of a new hospital constructed on a new site by the county instead of by the original owners of the W. W. Massie Hospital is the same as the old W. W. Massie Hospital. The designation of the wing of the new hospital and the naming of a room is a too obvious attempt to avoid the condition of the reverter. The old building was sold and the proceeds used for the construction of a nurses home on the new hospital site.

The language of the reversion provision is plain and unequivocal. It describes the happening of a definite event or condition, to wit: the permanent cessation of the use of the W. W. Massie Hospital as a hospital. The term "W. W. Massie Hospital" was used to describe a known institution comprised of definitely identified premises at a certain location. Can there be any question that the hospital known by Janie Rhodes Clay, the settlor, as the W. W. Massie Hospital has ceased to exist?

The rule governing this case is stated in Hampton v. O'Rear, 309 Ky. 1, 215 S.W.2d 539, 542, as follows:

"* * * where the settlor intended to part with title to the property devised in the event only that such property should be used for a particular purpose, and in a particular manner or by a particular person, the cy pres doc-

trine will not be applied and the property will revert to the settlor or his heirs."

I do not quarrel with the wholesome purpose of or effect accomplished by use of the funds in the new hospital, but good intentions and deeds should not be permitted to override the obvious intent and the well understood language of Janie Rhodes Clay when she made the contract. The effect of the majority opinion is to abolish reversions. How could a reversion provision have been expressed in more plain, emphatic, and definite language than the words used here?

The event upon which the reversion was conditioned has occurred. The fund should be returned to the heirs of Janie Rhodes Clay.

HOGG, J., joins in this dissent.